UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTINA MARIE NEVILLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:23-cv-02001-EJY<br><br>**ORDER** |

Christina Marie Neville ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Commissioner" or "Defendant") finding Plaintiff was not disabled under Title XVI of the Social Security Act. ECF No. 11. The Commissioner filed a Response and Cross-Motion to Affirm (ECF Nos. 15, 16), and Plaintiff filed a Reply (ECF No. 17).

**I.      Background**

Plaintiff filed an application for disability benefits on May 25, 2017. Administrative Record ("AR") 353-373. The Social Security Administration denied Plaintiff's application initially and upon reconsideration after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 159-172, 175-214, 237-238, 257-258. The ALJ held a hearing on October 22, 2020. AR 87-121. On November 30, 2020, the ALJ issued a decision finding Plaintiff was not disabled from her alleged onset date through the date of the decision. AR 38-54. On January 19, 2021, Plaintiff sought the Appeals Council's review of the ALJ's decision (AR 350-351), which was denied. AR 1-4. Plaintiff appealed to the United States District Court for the District of Nevada, and on November 12, 2021, the parties stipulated to remand the case to the Appeals Council. AR 1950-1951. On July 8, 2022, the Appeals Council issued an order finding the ALJ made errors she had to correct. AR 1943-1947. On July 5, 2023, the ALJ held a second hearing (AR 1869-1903) and, on October 4, 2023, issued a new decision finding Plaintiff was not disabled from her alleged

onset date through the date of the decision. AR 1841-1859. Plaintiff seeks judicial review of Defendant's second decision under 42 U.S.C. § 405(g).

## II. Standard of Review

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. --, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. Establishing Disability Under the Act

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

2

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§

3

404.1520(f), 404.1562.  If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id.*

### IV. Summary of ALJ's Decision

The ALJ applied the 5-step sequential analysis under 20 C.F.R. § 404.920 and found Plaintiff had not engaged in substantial gainful activity since June 1, 2017, her alleged disability onset date (step one).  AR 1847.  The ALJ next determined Plaintiff had the following severe impairments: lumbar degenerative disc disease; epilepsy; neuropathy; gastroesophageal reflux disease (GERD); chronic obstructive pulmonary disease (COPD); migraines; depression; and anxiety (step two).  *Id.* Thereafter, the ALJ concluded Plaintiff's impairments did not meet or medically equal the criteria in the Listing of Impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1 (step three).  AR 1847-1849.  The ALJ further determined Plaintiff retained the residual functional capacity ("RFC") to perform light work except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk six hours in an eight-hour day; she can sit six hours in an eight-hour day; she must never climb ladders, ropes, or scaffolds; she can occasionally climb ramps, stairs, stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to extreme cold, bright lights, excessive noise, vibration, pulmonary irritants dangerous moving machinery, and unprotected heights; she can sustain adequate attention, concentration, persistence, and pace to carry out simple instructions; and she can interact appropriately with the public and coworkers on an occasional basis in brief non-intensive encounters.  AR 1849-1858.  The ALJ also found Plaintiff was 32 years old (a younger individual) on the alleged disability date with at least a high school education, but that she could not perform any past relevant work.  AR 1858.  The ALJ stated transferability of job skills were not an issue because Plaintiff's past relevant work was unskilled.  *Id.*  Finally, the ALJ concluded that given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, Plaintiff was not disabled (step five).  AR 1858-1859.

## V.   Discussion

### A.   The ALJ Improperly Rejected Dr. Jeffrey Baker's Medical Opinion.[1]

Social Security regulations establish the required method for assessing differing medical opinions. An ALJ is not required to "articulate in each determination or decision how [he] considered all of the factors for all of the medical opinions and prior administrative findings" in a plaintiff's case record. 20 C.F.R. § 416.920c(b)(1). Rather, the ALJ "will articulate how [he] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis." 20 C.F.R. § 416.920c(b)(2). The ALJ must consider each medical opinion and prior administrative finding to determine persuasiveness by looking at supportability and consistency, and then, only in some instances, at other factors found in 20 C.F.R. § 416.920c(b)(2). Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). An ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," including the claimant's medical sources. 20 C.F.R. § 416.920c(a).

### i.   The ALJ did not adequately analyze supportability.

"The ALJ must 'articulate … how persuasive [he] find[s] all of the medical opinions' and 'explain how [he] considered the supportability and consistency factors.'" *Lorali N. T. v. Kijakazi*, Case No. 4:22-CV-00234-CWD, 2023 WL 3548221, at *4 (D. Idaho May 18, 2023) (quoting 20 C.F.R. § 416.920c(b)). "In sum, the Commissioner must explain [his] reasoning and specifically

---

[1] Plaintiff argues for the first time in Reply that the Court should credit "as true" Dr. Baker's opinion. ECF No. 17 at 3-5. "[I]t is inappropriate to consider arguments raised for the first time in a reply brief." *Wells v. Colvin*, Case No. 15-CV-00196-JST, 2015 WL 11455587, at *4, n.2 (N.D. Cal. Nov. 24, 2015) (quoting *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2 1078, 1089 (E.D. Cal. 2006)). Because Plaintiff's argument was not raised in her initial brief the argument is not addressed by the Court.

5

address how [he] considered the supportability and consistency of the opinion." *Id.* (quoting *Carmen Claudia S. v. Saul*, Case No. CV 20-6918-KS, 2021 WL 2920614, at *8 (C.D. Cal. July 9, 2021)). "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Tina L. R. v. Kijakazi*, Case No. CV 21-3586 PVC, 2022 WL 6632198, at *4 (C.D. Cal. July 25, 2022) (quoting *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)). When a doctor has a long treatment history with the plaintiff, his or her opinion "does not stand alone," and is only invalid if inconsistent with the underlying treatment records. *Ware v. Berryhill*, Case No. 2:16-CV-01475 JRC, 2017 WL 1405474, at *2 (W.D. Wash. Apr. 20, 2017).

In reaching her conclusion, the ALJ considered the opinion of Dr. Baker, one of Plaintiff's treating physicians. AR 1853, 1857. The ALJ discounted Dr. Baker's opinion in part because he "failed to provide objective findings from his examination of the claimant other than disheveled appearance." AR 1857. Plaintiff argues the ALJ failed to take into consideration that Dr. Baker was a treating physician for many years and, therefore, his history of treating Plaintiff informed his opinion. ECF No. 11 at 7-8.

The Court finds Dr. Baker treated Plaintiff over a long period of time, which precluded the ALJ from evaluating Dr. Baker's opinion in the absence of also considering the doctor's substantial treatment records. *Ware*, 2017 WL 1405474, at *2. The ALJ could only discount Dr. Baker's opinion if it was inconsistent with "the underlying clinical records." *Id*. citing *Garrison v. Colvin*, 759 F.3d 995, 1014, n. 17 (9th Cir. 2014). Here, the ALJ found Dr. Baker's opinion unpersuasive. AR 1857. After summarizing the doctor's opinions, the ALJ concluded Dr. Baker "failed to provide objective findings from his examination of the claimant" and, therefore, his opinion lacked supportability. *Id.* This conclusion is contrary to the summary the ALJ provides. Moreover, "[c]ycles of improvement and debilitating symptoms are a common occurrence" in a plaintiff's mental health history. *Garrison*, 759 F.3d at 1017. "Reports of improvement in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Id.* (internal citation omitted). The ALJ fails to do this analysis and, because of this failure, does not explain her decision. In sum, the ALJ does not support her

decision with substantial evidence. AR 1857. *See also Wood v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2002). Instead, the ALJ offers only general citations to large portions of the exhibits without analysis. Thus, the ALJ does not create an "accurate and logical bridge" from the evidence to the conclusion thwarting the Court's ability for meaningful review and establishing a basis for remand.

> ii. *The ALJ did not adequately analyze consistency*.

Plaintiff also takes issue with the ALJ discounting Dr. Baker's opinion based on consistency. Plaintiff argues the ALJ made generalizations, while discounting parts of the record demonstrating Dr. Baker's opinions were, in fact, consistent with the treatment record. ECF No. 11 at 9-12. The Court finds the ALJ's conclusion that Dr. Baker's opinion "is not consistent with [Plaintiff's] generally routine and conservative treatment regimen involving medications and psychotherapy, her admitted activities of daily living, and … benign objective findings" is unsupported by even a single citation and, therefore, is not supported by substantial evidence. AR 1857. The ALJ must back up her conclusions with citations to the record. *Tina L. R.*, 2022 WL 6632198, at *4. In the absence of citations, there is inherent harm "that … inhibits a reviewing court's ability to determine whether substantial evidence supports the [residual functional capacity] assessment." *Id.* (finding that when the ALJ does not provide citations to any medical records to support conclusions, the ALJ's conclusion is not supported by substantial evidence).

The ALJ failed to accurately and logically connect evidence to her conclusions. Therefore, the ALJ therefore failed to "provide sufficient reasoning that allows [for] review." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The Ninth Circuit holds the Court is "constrained to review the reasons the ALJ asserts." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). The reasoning offered by the ALJ for the Court's review is incomplete rendering effective review impossible. This, again, is reason to remand.

> B. <u>ALJ's Decision Did Not Inappropriately Rely on Her Own Lay Opinion</u>.

Plaintiff argues the ALJ inappropriately reached a lay medical opinion regarding Plaintiff's MRI scans because (1) these records were not reviewed by state agency doctors and, therefore, (2) there was no medical opinion in the record rendering the scans "raw data." ECF No. 11 at 12-14.

7

Defendant argues the ALJ assessed the MRI evidence through consideration of notes from two treating doctors that reviewed and interpreted the MRI. ECF No. 15 at 20-21. Defendant submits, therefore, the ALJ was not interpreting "raw data." *Id.* Defendant further contends the ALJ is not required to seek a medical opinion every time new evidence is added to the record. *Id*. at 22. This requirement arises only when such evidence is ambiguous or inadequate, which Plaintiff does not argue. *Id.*[2]

In effect, Plaintiff argues that because there was no record evidence of a medical opinion rendered post-MRI, the ALJ could not consider the MRI results without soliciting additional medical opinions. ECF No. 11 at 13-14. It is true that the ALJ may not substitute her own medical conclusions in the place of physicians' expertise. *Tackett v. Apfel*, 180 F.3d at 1102-03. However, "[t]he mere existence of medical records post-dating a state agency physician's review does not in and of itself trigger a duty to further develop the record." *Boh v. Saul*, Case No. 2:20-CV-00350-EJY, 2021 WL 2772554, at *4 (D. Nev. July 2, 2021), *quoting Stivers v. Saul*, 2021 WL 1193794, at *8 (E.D. Cal. Mar. 30, 2021). Rather, "this duty is triggered 'only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.'" *Id.* at *10, *quoting Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (internal citation omitted). Plaintiff does not argue the record is ambiguous. Instead, Plaintiff says the ALJ could not analyze the MRI records without further developing the record. Other than a string cite to various cases, Plaintiff offers no explanation or analysis demonstrating the ALJ engaged in an impermissible medical analysis. An ALJ is capable, "at some level," of "reviewing and forming conclusions about medical evidence" when discharging his or her duty to determine if a plaintiff is disabled. *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). The Court finds the ALJ did not overstep her authority, but instead engaged in the review of medical evidence when forming her opinions. For this reason, the Court rejects Plaintiff's argument.

---

[2]  In Reply, Plaintiff makes the new argument that the ALJ failed to provide an accurate and logical bridge from the MRI evidence to her conclusions. ECF No. 17 at 5-6. Because the Court does not consider arguments raised for the first time in reply, the Court disregards this argument. *Wells*, 2015 WL 11455587, at *4, n.2.

**VI.  Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 11) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 15) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff regarding the ALJ's failure to perform a proper analysis of Dr. Baker's opinions under the supportability and consistency factors established in 20 C.F.R. § 416.920c.  This matter is therefore remanded to the Commissioner of Social Security for proceedings consistent with this Order under sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

DATED this 14th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE